IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
Tallahassee DIVISION


JOHNNY COPELAND,

    Petitioner,

vs.                                          Case No. 4:07cv106-WS/WCS

WALTER A. McNEIL,[1]

    Respondent.

                                  /


## REPORT AND RECOMMENDATION TO DENY MOTION

This cause is before the court on Petitioner's motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b)(2) and (b)(6). Doc. 34. He asks the court to vacate the dismissal of his 28 U.S.C. § 2254 petition in light of Frederick v. McNeil, 300 Fed.Appx. 731 (2008 WL 4925946) (11th Cir. November 18, 2008).

A report and recommendation was entered in this case, and Petitioner filed objections. Docs. 11 and 14. The recommendation was adopted and judgment was entered on the docket on November 21, 2007. Docs. 15 and 16. A certificate of

---

[1] Walter A. McNeil, who succeeded James McDonough as Secretary for the Florida Department of Corrections, was automatically substituted as Respondent. See Fed.R.Civ.P. 25(d), docs. 30 and 31.

appealability was denied by this court and the Eleventh Circuit, and reconsideration denied.  Docs. 20, 31 and 32.  Petitioner recently sought authorization to file a second or successive motion on the basis of Frederick, and the Eleventh Circuit found the opinion did not create a new rule of constitutional law, or constitute newly discovered evidence related to the underlying conviction, for purposes of 2244(b)(2)(A) or (B).  Doc. 33 (order of March 10, 2009).

Petitioner then filed the motion for relief from judgment, claiming error in the denial of his § 2254 petition.  He asserts that the court used the wrong standard of review in determining that his § 2254 petition was untimely, because the court looked to whether the newly discovered evidence would have changed the outcome of the proceedings.  He asserts that Frederick constitutes newly discovered evidence for Rule 60(b)(2) purposes, or alternatively that he is entitled to relief under Rule 60(b)(6) ("any other reason that justifies relief.").

In Frederick, the court clarified that whether the claimed newly discovered evidence would warrant habeas corpus relief is not the standard for determining the one year commencement date under § 2244(d)(1)(D).  300 Fed. Appx. At 734.  "Rather, the appropriate standard is whether or not the state prisoner exercised due diligence in discovering the factual predicate for his claim," which had not been addressed by the district court in that case.  *Id.*

In recommending denial of Petitioner Copeland's § 2254 petition, the undersigned noted that even aside from the timeliness issue, the court had authority to dismiss the petition if it plainly appeared Petitioner was not entitled to any relief.  Doc.

11, p. 4, citing § 2254 Rule 4.  The court addressed each claim, and found each depended entirely on a 1992 newspaper article which could have been discovered with due diligence before the time to file a § 2254 petition expired in 1997.  *Id.*, pp. 12-19.  Petitioner claimed he did not discover the article until his aunt mailed it to him in 2004 because, due to remorse over the offense, he intentionally avoided talking about or seeking any media coverage of his case.  "Had he not elected to avoid any information about the case for so long," this court noted, "he would have discovered the article, pursued further investigation as suggested by the article, and would have been able to timely file this petition."  *Id.*, p. 17.

In addition to finding all the claims untimely, the undersigned also noted that the claims were facially without merit, so Petitioner could not show that the state court's adjudication was contrary to or an unreasonable application of clearly established federal law.  *Id.*, p. 19, citing § 2254(d)(1).  Dismissal was therefore appropriate under § 2254 Rule 4 (authorizing dismissal where it plainly appears the petitioner is not entitled to relief).  *Id.*, p. 3 and n. 1; p. 20.[2]

Since Petitioner attacks the § 2254 ruling rather than raising claims against the state judgment, this is a "true" Rule 60(b) motion and not construed as a second or successive § 2254 petition. *See* Gonzalez v. Crosby, 545 U.S. 524, 530-536, 125 S.Ct.

---

[2] Frederick appears distinguishable, as there the district court looked to whether the newly discovered facts would warrant habeas corpus relief in determining if the one year could commence under § 2244(d)(1)(4).  Here it was found that, *in addition* to being untimely because Petitioner did not act with due diligence, Petitioner was plainly not entitled to relief on the merits and summary dismissal was appropriate under § 2254 Rule 4.

2641, 2646-50, 162 L.Ed.2d 480 (2005) (distinguishing between a "true" Rule 60(b) motion and what was in essence an unauthorized second or successive habeas corpus petition; finding challenge to prior ruling on timeliness of petition was the former rather than the latter).

Assuming an unpublished Eleventh Circuit opinion could ever constitute newly discovered evidence, as a Rule 60(b)(2) motion Defendant's motion is untimely. Petitioner states that the Eleventh Circuit denied reconsideration (of its order denying a certificate of appealability) on May 13, 2008 (less than a year ago), so the motion is timely under Rule 60(c).  Doc. 34, p. 3.  But the one year for filing a Rule 60(b)(2) motion runs from "the entry of the judgment or order or the date of the proceeding," which in this case was November 21, 2007.  Fed.R.Civ.P. 60(c)(1); docs. 15 and 16 (order and judgment).  Petitioner's appeal did not toll the time.  *See* Transit Casualty Co. v. Security Trust Co., 441 F.2d 788, 791 (5th Cir.), *cert. denied*, 404 U.S. 883 (1971) (though an appeal was taken it did not toll the time for filing a Rule 60(b) motion, which may be made even when an appeal is pending); King v. First American Investigations, Inc., 287 F.3d 91, (2d Cir.), *cert. denied,* 537 U.S. 960 (2002) (collecting cases, including Transit Casualty Co.).[3]

---

[3] If an appeal results in a substantially modified order entered pursuant to the mandate, then the time runs from the new order.  441 F.2d at 791 (citations omitted). There the initial dismissal had been with prejudice, but pursuant to the mandate the district court entered a dismissal without prejudice.  *Id.*, at 790.  The court held that his "is not such a substantial substantive change as to renew the right of plaintiffs to bring a motion for relief under Rule 60(b), F.R.Civ.P., or extend their time for filing such a motion," so the one year ran from the original order of dismissal.  *Id.*, at 791.  *See also* Jones v. Swanson, 512 F.3d 1045, 1048-49 (8th Cir. 2008) (collecting cases, including Transit Casualty Co.) (where amended judgment following remand only went to the

The one year does not apply to a motion under the "catch all" provision of Rule 60(b)(6), which "must be made within a reasonable time."  Rule 60(c)(1).  But Rule 60(b)(6) relief is authorized only on a showing of "extraordinary circumstances."  Gonzalez, 545 U.S. at 535-536, 125 S.Ct. at 2649-50 (collecting cases).  In Gonzalez, the petitioner moved to reopen denial of his § 2254 petition based on a subsequent Supreme Court opinion which "showed the error of the District Court's statute-of-limitations ruling," and the Court assumed (for purposes of the opinion) the district court's earlier opinion was incorrect.  *Id.*, at 536, 125 S.Ct. at 2650 (footnote omitted).  Still, "[i]t is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation" of what constituted "properly filed" for purposes of § 2244(d)(2).  *Id.*  "[N]ot every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final," just as it does not "justify reopening long-ago grants of habeas relief based on a lower court's unduly generous interpretation of the same tolling provision."  *Id.*, at 536-537, 125 S.Ct. at 2650-51 (citations and footnote omitted).  Therefore, even assuming error in this court's analysis of the one year limitations issue, Petitioner has not shown extraordinary circumstances to justify reopening the judgment of November 21, 2007.

---

award of damages, the one year for filing Rule 60(b)(2) motion based on newly discovered evidence going to liability ran from the initial judgment).

It is therefore respectfully **RECOMMENDED** that Petitioner's motion for relief from judgment, doc. 34, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 7, 2009.

s/ William C. Sherrill, Jr.
WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.